Frederick O. **BOND**, Appellant,

v.

**Dan SALOMONE, Commissioner of the Minnesota Department of Revenue, Appellee.**

No. 06–2166.

United States Court of Appeals, Eighth Circuit.

Submitted: July 6, 2007.

Filed: July 13, 2007.

Frederick O. Bond, Champlin, MN, pro se.

Craig R. Anderson, Attorney General's Office, St. Paul, MN, for Appellee.

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Frederick Bond appeals the district court's[1] order granting defendant's motion for judgment on the pleadings. Having carefully reviewed the record, *see Entzi v. Redmann,* 485 F.3d 998, 1003 (8th Cir. 2007) (de novo review), we agree with the district court that it lacked jurisdiction over Bond's action, *see* 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."); *Exxon Mobil Corp. v. Saudi Basic Indus.*

---

[1]. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

[1]. The Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

*Corp.*, 544 U.S. 280, 283–84, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (*Rooker–Feldman*[2] doctrine recognizes that federal district courts lack jurisdiction to hear federal actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Accordingly, we affirm. *See* 8th Cir. R. 47B.

**2.** *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).